FILED
CLERK, U.S. DISTRICT COURT

SEP 2 8 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11  CHARLES M. PIPER,                     )   Case No. CV 05-5984 AHM(JC)
                                          )
12                    Petitioner,         )   (PROPOSED) ORDER ADOPTING
                                          )   FINDINGS, CONCLUSIONS, AND
13            v.                          )   RECOMMENDATIONS OF
                                          )   UNITED STATES MAGISTRATE
14  D. ADAMS, Warden,                     )   JUDGE
                                          )
15                                        )
                      Respondent.         )
16                                        )

17  ─────────────────────────────────────

18          Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of

19  Habeas Corpus by a Person in State Custody (the "Petition") and all of the records

20  herein, including the attached Report and Recommendation of United States

21  Magistrate Judge ("Report and Recommendation"), and petitioner's objections to

22  the Report and Recommendation ("Objections").  The Court has further made a *de*

23  *novo* determination of those portions of the Report and Recommendation to which

24  objection is made.  The Court concurs with and adopts the findings, conclusions,

25  and recommendations of the United States Magistrate Judge and overrules the

26  Objections.  See attached addendum.

27          IT IS HEREBY ORDERED that Judgment be entered denying the Petition

28  and dismissing this action with prejudice.

1   IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the

2   United States Magistrate Judge's Report and Recommendation, and the Judgment

3   herein on petitioner and counsel for respondent.

4   LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6   DATED: _____9\28\10_____

7

8   _____

    HONORABLE A. HOWARD MATZ
9   UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Piper v. Adams*

Case No. CV 05-5984 AHM (JC)


Addendum to Order re Report and Recommendation


     This Court was initially troubled by the Magistrate Judge's recommendation concerning the issue of whether petitioner's Sixth Amendment right to be provided adequate notice of the charge was violated by the amendment to the information. These matters are described at pages 28-36 of the Report and Recommendation. What stood out is that the felony evasion charge permitted to be pled as count 10 had actually been dismissed at the preliminary hearing. To permit that charge to be pursued at the trial appeared to be fundamentally unfair and a deprivation of due process. Now, after additional inquiry and reflection, for the following reasons this Court finds that the Magistrate Judge's recommendation should be adopted.

     To start with, the judge (or commissioner) at the preliminary hearing apparently dismissed the felony evasion charge only because he deemed the evidence to be insufficient (Report and Recommendation, p. 29) – not because he found that the facts adduced at the "prelim" actually established that petitioner could not have been found guilty of that charge.[1] The latter

---

[1] Piper's lawyer had argued "With respect to the felony evading, my understanding is that Vehicle Code violations, at least three, should be testified to. The only testimony that the officer gave was that there was some degree of speeding in the evading . . . but apart from that, there was no other traffic infraction testified to. That could not constitute felony evading. It may constitute a misdemeanor but not a felony. Based upon that I would move to dismiss." (CT 119.) The only response from the prosecutor was "I don't believe I need to show that there were in fact three traffic violations. I believe the officer testified sufficiently for that count." *Id.* As the Magistrate Judge noted in her Report and Recommendation, the judge at the

1    conclusion could have been the basis for dismissal at the conclusion of the

2    "prelim" if, for example, the facts had shown that petitioner was not the driver

3    but merely a passenger in the vehicle.

4

5        Second, California courts have construed California Penal Code section

6    1009 to permit amendment "even during trial . . . as long as the defendant's

7    rights are not compromised." *People v. Jones*, 164 Cal. App. 2d 1173, 1178

8    (Cal. Ct. App. 1985).  In *Jones*, although the defendant had a plausible

9    argument that he had been sandbagged into asserting a defense that the

10   prosecutor then used to support the amendment, the court noted that "[t]he

11   amendment required no additional evidence or preparation by defense counsel

12   to meet the new charges." *Id*. at 1179.  That appears to be the case here,

13   especially since Piper's trial lawyer also had represented him at the "prelim" and

14   was thoroughly familiar with the evidence.

15

16       In *People v. Graff*, 170 Cal. App. 4th 345 (Cal. Ct. App. 2009) another

17   case cited by the Magistrate Judge, the conviction was reversed because the

18   Court of Appeal found that the defendant "was prejudiced by the failure of the

19   prosecution to make its theory clear prior to the last phase of closing argument."

20   *Id*. at 838-39.  Here, in contrast, the prosecution disclosed it was seeking an

21   amendment before opening statements (although the trial court reserved ruling

22   until after the prosecution's opening).  Moreover, in *Graff*, despite overturning

23   the conviction the Court of Appeal noted, with apparent approval, that in *People*

24   *v. Farley*, 19 Cal. App. 3d 215, 221 (Cal. Ct. App. 1971), the Court stated that:

25

26   _____

27   "prelim" merely stated "I am going to deny the motion to dismiss as to each of the
     defendants except as to . . . felony evading." *Id*. at 120.  He provided no
28   explanation for his ruling.

2

[w]here . . . the magistrate either expressly or impliedly accepts the evidence and simply reaches an ultimate legal conclusion therefrom-i.e., whether or not such evidence adds up to reasonable cause that the offense had been committed-such conclusion is open to challenge by inclusion in the information. . . . The statutes governing criminal proceedings recognize that the judicial officers who preside over preliminary hearings are not infallible and, accordingly, permit the prosecution to file an information against the defendant containing charges not contained in the order of commitment.

Here, as the Magistrate Judge noted, the petitioner does not even argue that the Second Amended Information failed clearly to inform him of the nature and cause of all charges against him. Moreover, the Magistrate Judge did not err in finding that petitioner's lawyer had adequate time to prepare a defense. Report and Recommendation, pp. 35-36. This Court has no basis to reject these findings and conclusions.

Dated: September 28, 1010

_____
A. Howard Matz
United States District Judge